UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANNON RENEE MOORE,

      Petitioner,                            Case No. 2:23-cv-10210

v.                                    Honorable Susan K. Declercq
                                        United States District Judge

JEREMY HOWARD,

      Respondent.
_____/

**OPINION AND ORDER DENYING RESPONDENT'S MOTION TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS (ECF No. 8), GRANTING PETITIONER'S MOTION TO STAY THE PROCEEDINGS AND HOLD PETITION IN ABEYANCE (ECF No. 10), AND ADMINISTRATIVELY CLOSING CASE**

Shannon Moore, ("Petitioner"), incarcerated at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges her convictions for first-degree criminal sexual conduct, child sexually abusive activity, and use of a computer to commit a crime. Respondent filed a motion to dismiss the petition, arguing that Petitioner's application for a writ of habeas corpus is barred by the statute of limitations found in 28 U.S.C. § 2244(d) and that she failed to exhaust all of her claims in state court. Petitioner has filed a motion to hold her petition in abeyance so that she can return to state court to exhaust her claims.

As discussed below, Respondent's motion to dismiss will be denied. This Court will grant Petitioner's motion, holding the petition in abeyance and staying the proceedings to permit Petitioner to return to the state courts to exhaust several of her claims; failure to do will result in this Court dismissing the petition without prejudice. This Court will also administratively close the case.

## I. BACKGROUND

Petitioner pleaded guilty to the above offenses in Kalamazoo County Circuit Court on January 21, 2020. ECF No. 1 at PageID.1. Petitioner was sentenced to concurrent prison sentences of 20 to 35 years for first-degree criminal sexual conduct, 4 to 20 years for child sexually abusive activity, and 4 to 20 years for the use of a computer to commit a crime. *Id.* at PageID.68. The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Moore*, No. 354858 (Mich. Ct. App. Oct. 29, 2020); *appeal denied*, 964 N.W.2d 579 (Mich. 2021).

On January 23, 2023, Petitioner filed a petition for a writ of habeas corpus with this Court.[1] ECF No. 1. Petitioner seeks habeas relief on the following grounds: (1) Petitioner's guilty plea was defective because the trial judge failed to determine whether the plea was voluntary, *id.* at PageID.17, 76; (2) the trial judge erred in

---

[1] Under the prison mailbox rule, this Court will assume that Petitioner actually filed her habeas petition on January 23, 2023, the date that it was signed and dated. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999).

refusing to allow Petitioner to withdraw her guilty plea, *id.* at PageID.17, 115; (3) there was an insufficient factual basis for the guilty plea, *id.* at PageID.17, 146; and (4) Petitioner's constitutional and civil rights were violated by prosecutorial and counsel misconduct, *id.* at PageID.17, 170.[2]

Respondent filed a motion to dismiss the petition, arguing Petitioner's claims are barred by the statute of limitations. ECF No. 8. Alternatively, Respondent moves to dismiss the petition because it contains at least one claim that was not properly exhausted in state court. *Id.*

## II. ANALYSIS

### A. Statute of Limitations

In the statute-of-limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999); *see also Cooey v. Strickland*, 479 F.3d 412, 415–16 (6th Cir. 2007) (noting that at the motion-to-dismiss stage, defendant has the burden of demonstrating that the statutory period has run, viewing the complaint in the light most favorable to the plaintiff).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one-year statute of limitations applies to an application for a writ of habeas corpus by a

---

[2] Petitioner raised this final argument only in the *body* of her petition and not on the petition form. *See id.* at PageID.10, 17.

person in custody under a judgment of a state court. The one-year statute of

limitation runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of
> direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by
> State action in violation of the Constitution or laws of the United States
> is removed, if the applicant was prevented from filing by such State
> action;
> (C) the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly recognized
> by the Supreme Court and made retroactively applicable to cases on
> collateral review; or
> (D) the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of due
> diligence.

28 U.S.C. § 2244(d)(1).

Here, the Michigan Supreme Court denied leave to appeal on October 8, 2021.

*People v. Moore*, 964 N.W.2d 579 (Mich. 2021) (mem.). However, the one-year

statute of limitations under 28 U.S.C. § 2244(d)(1) did not begin to run on that day.

Where a state prisoner has sought direct review of his conviction in the state's

highest court but does not file a petition for certiorari with the United States Supreme

Court, the one-year limitation period for seeking habeas review under 28 U.S.C. §

2244(d)(1) begins to run, not on the date that the state court entered judgment against

the prisoner, but on the date that the 90-day period for seeking certiorari with the

Supreme Court expires. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

Petitioner's judgment therefore became final on January 6, 2022, when she failed to

file a petition for writ of certiorari with the United States Supreme Court within ninety days of the Michigan Supreme Court denying leave to appeal. *Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998). Thus, Petitioner had until January 6, 2023, to timely file her petition for a writ of habeas corpus. The current petition, filed on January 23, 2023, appears to be beyond that time limit.

The AEDPA's statute of limitations, however, "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Courts must decide questions of equitable tolling on a case-by-case basis, considering the specific facts and circumstances that may warrant special treatment. *Id.* at 649–50.

Petitioner claims that she was stuck in quarantine between December 22 and January 5 due to her cellmate having COVID. ECF No. 1 at PageID.13. Although Petitioner does not specify which year this occurred, it is reasonable to believe this was December 22, 2022, to January 5, 2023, because Petitioner seems to argue that being in quarantine prevented her from timely filing the petition before the deadline of January 6, 2023. *See id.* Because of this quarantine, presumably imposed to prevent the spread of coronavirus to prison staff or other inmates, Petitioner claims

that she was unable to use the prison library or copy machine. *Id.* Petitioner also claims that the prison refuses to provide her with proof of her required quarantine. *Id.*

Restrictions placed on inmates due to coronavirus could very well entitle them to equitable tolling for the time it takes them to file petitions. *See Brown v. Davis*, 482 F. Supp. 3d 1049, 1058–59 (E.D. Cal. 2020) (court equitably tolled statute of limitations due to extraordinary circumstances caused by COVID-19 pandemic). Here, Petitioner raises a genuine issue of material fact as to whether the one-year limitations period should be equitably tolled in this case. It is not clear at this stage that dismissal would be appropriate. *See Harris*, 186 F.3d at 250. Accordingly, the Court declines to dismiss the petition on statute of limitations grounds at this time.

## B. Exhaustion

Respondent also argues that Petitioner's fourth claim alleging prosecutorial misconduct and ineffective assistance of trial counsel was not properly exhausted with the state courts. This Court agrees.

A state prisoner seeking federal habeas relief must first exhaust her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c); *see also Picard v. Connor*, 404 U.S. 270, 275–76 (1971). To exhaust a claim for federal habeas review, a petitioner must present each ground to each state appellate court, even where the state's highest court provides only discretionary review. *See*

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The issue of exhaustion "is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith*, 581 F.3d 410, 415 (6th Cir. 2009). Therefore, the federal district court must review each claim for exhaustion before reviewing the claims on the merits. *Id.*

Petitioner's fourth claim, which alleges prosecutorial misconduct and ineffective assistance of trial counsel, was raised for the first time in Petitioner's application for leave to appeal to the Michigan Supreme Court. ECF No. 9-6 at PageID.462–64. Raising a claim for the first time before the state's highest court does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Petitioner failed to present her prosecutorial misconduct and ineffective assistance of trial counsel claims on her direct appeal with the Michigan Court of Appeals. *See* ECF No. 9-5 at PageID.314–43. Thus, her subsequent presentation of these claims to the Michigan Supreme Court does not satisfy the exhaustion requirement for habeas purposes. *See Skinner v. McLemore*, 425 F. App'x 491, 494 (6th Cir. 2011); *Farley v. Lafler*, 193 F. App'x 543, 549 (6th Cir. 2006).

In addition, Petitioner claims that that she was denied a fair hearing because of judicial misconduct, ECF No. 1-1 at PageID.185, and that appellate counsel was ineffective, ECF No. 1-2 at PageID.204. To the extent that Petitioner seeks to raise

these claims as grounds for habeas relief, none of these claims have been exhausted with either the Michigan Court of Appeals or the Michigan Supreme Court. *See* ECF Nos. 9-5, 9-6.

The exhaustion doctrine, in the context of habeas cases, turns upon an inquiry of whether there are available state court procedures for a habeas petitioner to exhaust his claims. *See Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003). Petitioner could exhaust her claims by filing a postconviction motion for relief from judgment under Michigan Court Rule 6.500 with the Kalamazoo County Circuit Court. *See Wagner v. Smith*, 581 F.3d at 419. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and again by the Michigan Supreme Court upon the filing of an application for leave to appeal. Mich. Ct. R. 6.509; Mich. Ct. R. 7.203; Mich. Ct. R. 7.302.; *Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997); *see also Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002) (noting proper exhaustion requires appealing denial of a postconviction motion to the Michigan Court of Appeals and then the Michigan Supreme Court).

This Court's concern in dismissing the current petition is the possibility that Petitioner might be prevented under the one-year statute of limitations contained within 28 U.S.C. § 2244(d)(1) from re-filing a petition for a writ of habeas corpus following the exhaustion of these issues in the state courts. Abating a habeas petition may be appropriate when the original petition was timely filed, but a second,

exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano*, 300 F.3d 717, 720–21 (6th Cir. 2002). A federal district court thus has the discretion to stay a mixed habeas petition containing exhausted and unexhausted claims in order to allow the petitioner to present his unexhausted claims to the state courts in the first instance, and then to return to the federal district court for habeas review of his completely exhausted petition. *See Rhines v. Weber*, 544 U.S. 269, 272–78 (2005). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court postconviction proceedings, if there is good cause for failure to exhaust and the unexhausted claims are not "plainly meritless." *Id.* at 278.

Petitioner's claims do not appear to be "plainly meritless." *Wagner v. Smith*, 581 F.3d at 419. Further, Petitioner appears to assert that she did not previously raise these claims in the state courts due to the ineffective assistance of appellate counsel. *Id.* at 419, nn.4–5. Petitioner also has good cause for failing to raise any ineffective assistance of appellate counsel claim earlier because state postconviction review would be the first opportunity that she had to raise this claim in the Michigan courts. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010).

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that

- 9 -

Petitioner does not delay in exhausting her state court remedies, this Court imposes upon Petitioner time limits within which she must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present her claims in state court by filing a postconviction motion for relief from judgment with the state trial court within sixty (60) days from the date of this Order. Further, she must ask this Court to lift the stay within sixty (60) days of exhausting her state court remedies. "If [the conditions] of the stay [are] not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Id.* (quoting *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)).

### III. CONCLUSION

Accordingly, it is **ORDERED** that the motion to dismiss the petition for a writ of habeas corpus, ECF No. 8, is **DENIED**.

It is further **ORDERED** that Petitioner's motion to hold the petition in abeyance, ECF No. 10, is **GRANTED**. Petitioner may file a motion for relief from judgment with the state court within **sixty (60) days of receipt of this Court's order**. If Petitioner fails to file a motion for relief from judgment with the state courts by that date, this Court will dismiss the petition without prejudice.

If Petitioner files a motion for relief from judgment, she shall notify this Court that such motion papers have been filed in state court. The case will then be held in abeyance pending Petitioner's exhaustion of the claims. Petitioner shall file a motion

to lift the stay using the above caption and case number (2:23-cv-10210) within **sixty (60) days after the conclusion of the state court postconviction proceedings**. Petitioner is free at that time to file an amended habeas petition containing the arguments that she raised before the state courts with respect to these claims.

It is further **ORDERED** that the Clerk of Court is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Esters v. Schiebner*, 591 F. Supp. 3d 218, 221 (E.D. Mich. 2021).

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, this Court may order the Clerk to reopen this case for statistical purposes.

**IT IS SO ORDERED**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: 10/24/2024