UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANNON RENEE MOORE,

    Petitioner,  Case No. 2:23-cv-10210

v.  Honorable Susan K. DeClercq
    United States District Judge
JEREMY HOWARD,

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY (ECF No. 12)**

Shannon Moore, ("Petitioner"), filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenged her state court convictions for first-degree criminal sexual conduct, child sexually abusive activity, and use of a computer to commit a crime. The Court granted Petitioner's motion to hold the case in abeyance and stayed the proceedings to permit Petitioner to return to the state courts to exhaust several of her claims, some of which Petitioner admitted were unexhausted. *Moore v. Howard*, No. 2:23-CV-10210, 2024 WL 4571391 (E.D. Mich. Oct. 24, 2024).

At the same time, the Court also administratively closed the case. *Id.* Significantly, this Court noted that "[n]othing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter." *Id.* at *4. Indeed,

the order informed Petitioner that she could reopen her case after she had exhausted her claims in the state courts. *Id.* Yet one month later, Petitioner filed a motion for a certificate of appealability. ECF No. 12. For the reasons that follow, the motion will be denied.

To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Under federal law, federal courts of appeals may review "final decisions," meaning decisions which "end[ ] the litigation on the merits and leave [ ] nothing for the court to do but execute the judgment." *Cunningham v. Hamilton Cnty.*, 527 U.S. 198, 204 (1999); *see also* 28 U.S.C. § 1291. This typically means that the losing party will "raise all claims of error in a single appeal following final judgment." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981). "A typical 'final decision[ ]' in the habeas context would include orders granting or denying petitions on the merits." *Swanson v. DeSantis*, 606 F.3d 829, 832 (6th Cir. 2010) (collecting cases). Importantly, a district court's order staying the proceedings to allow a petitioner to exhaust his or her remedies in state court, as this Court has done here, is generally not an appealable order because no final decision has been rendered in the case. *Id.* at 834; *see also Jackson v. Lesatz*, No. 19-2367, 2020 WL 897442, at *1 (6th Cir. Jan. 21, 2020). Indeed, the plain text of 28 U.S.C. § 2253(a) states that a habeas petitioner may appeal a *final* order of the district court.

- 3 -

Here, the Court's October 2024 order holding the petition in abeyance is a non-final order. Because any appeal would be devoid of jurisdiction, Petitioner is unable to establish that any appeal involves "a question of some substance, or a substantial showing of the denial of [a] federal right," as required by 28 U.S.C. § 2253 to obtain a certificate of appealability. *See United States v. White,* 53 F. Supp. 2d 976, 980 (W.D. Tenn. 1999). Therefore, the Court will deny Petitioner's motion seeking a certificate of appealability.

Accordingly, **IT IS ORDERED** that Petitioner's motion for a certificate of appealability, ECF No. 12, is **DENIED**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: 12/6/2024